IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| REGINALD DEON SLOAN, ] | |
| Petitioner, ] | |
| vs. ] | 5:10-cv-0731-RRA |
| WARDEN J. C. GILES and ] THE ATTORNEY GENERAL FOR ] THE STATE OF ALABAMA, ] | |
| Respondents. ] | |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a Report and Recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed. Objections have been filed by the petitioner.

In the Report and Recommendation, the magistrate judge found that Sloan's claim, that he is actually innocent because the drugs were found as a result of an illegal search of his car, is barred by procedural default because he did not present the claim in state court and had not shown cause and prejudice to excuse the default of the claim. *Magistrate Judge's Report and Recommendation*, (Doc. 11 at 2). The magistrate judge also found that Sloan's argument that his attorney's failure to perfect an appeal on his behalf was constitutionally ineffective and should serve as cause to excuse the default was insufficient to establish cause for the default because such an ineffective assistance of counsel claim had not been raised in state court. *Id.* at 4. Finally, the magistrate judge found that Sloan's actual innocence

argument failed because his unsupported allegations of innocence were insufficient to establish that he is actually, factually innocent. *Id*. at 5.

Sloan argues that the magistrate judge ignored his claims that his attorney was to blame for his failure to file a direct appeal. However, the magistrate judge clearly addressed this claim and found that the ineffective assistance of counsel claim did not amount to cause to excuse the procedural default of Sloan's claim. *Id*. at 4. To the extent Sloan might be raising ineffective assistance of counsel as a separate claim, it is procedurally barred from review in this court because it has not been presented to the state courts.[1]

Further, Sloan seems to argue that the magistrate judge did not correctly identify the claim he is raising in this petition. Apparently, Sloan intended to claim not that he is actually innocent because the drugs were found as a result of an illegal search of his car, but that he is actually innocent because the trial judge refused to rule on the motion to suppress the illegal search of his car. However, either claim is procedurally defaulted for the reasons set out in the Report and Recommendation.

---

[1] Although Sloan claims that he "'did' present the issues that he was having with his appeal attorney in a letter that he wrote of the Ala. Court of Criminal Appeals to try to find out when would be the appropriate time to send in the issues that he reserved for appeal," *Objections*, Doc. 13 at 5, a letter written to the appeals court is not sufficient to exhaust a claim. To exhaust state remedies, a state prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This process includes presenting all claims to the state courts on direct appeal, in an appropriate collateral petition, an appeal to the Alabama Court of Criminal Appeals from the trial court's denial of the habeas or collateral petition, an application for rehearing in the Alabama Court of Criminal Appeals, **and** a petition for a writ of certiorari to the Alabama Supreme Court. *See Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003).

The court has considered the entire file in this action, including the Report and Recommendation and the Petitioner's objections to the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

Done this 14th day of March 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE